# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD VILARDO<br>189 Andover Sparta Road<br>Andover, NJ 07806<br><br>Vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION (AMTRAK)<br>600 Massachusetts Ave. NE<br>Washington, DC 20002 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   JURY TRIAL DEMANDED<br>:<br>: |

## COMPLAINT

1.  The Plaintiff herein, Richard Vilardo, is a citizen of the State of New Jersey residing at 189 Andover Sparta Road, Andover, NJ.

2.  Defendant, National Railroad Passenger Corporation. (hereinafter referred to as "Amtrak"), is a corporation duly organized and doing business in the State of New Jersey with its principle place of business at the above address.

3.  The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4.  All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5.  At all time material hereto, Plaintiff was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7. On or about January 25, 2015 and for some time prior thereto, Plaintiff was employed by Defendant, Amtrak as a machinist, and on that date in the performance of his duties at Adams Yard, Plaintiff severely injured his thoracic back area due to an improperly designed and improperly operating track stabilizer which Defendant knew or should have known was defective

8. The negligence and carelessness of the Defendant consisted of the following, inter alia:

   a) Failing to provide Plaintiff with a safe place to work;
   b) Failing to provide adequate training;
   c) Failing to warn Plaintiff of the existence of said dangerous conditions;
   d) Failing to provide equipment reasonably safe for working conditions;
   e) Failing to maintain said property in a condition which would protect and safeguard the Plaintiff;
   f) Failing to correct the dangerous conditions existing thereon;
   g) Failing to use due care under the circumstances.

9. As a result of the aforesaid, Plaintiff suffered injuries to his back.

10. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

11. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and

occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

13. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, the plaintiff, Richard Vilardo, claims of the defendant, a sum in excess of **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** together with interest and costs and brings this action to recover same.

                                **KELLER & GOGGIN, P.C.**

By:   /s/James M. Duckworth
       James M. Duckworth, Esquire
       Attorney I.D. No. 033861998
       1528 Walnut Street, Suite 900
       Philadelphia, PA   19102
       (215) 735-8780